USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-6-2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREGORY DESTINE,

                Plaintiff,

-against-

THE CITY OF NEW YORK; OFFICER JOSEPH,

                Defendants.

1:20-CV-0082 (LTS)

ORDER OF SERVICE

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff, who appears *pro se* and is presently incarcerated in the Ulster Correctional Facility, asserts claims that the defendants violated his federal constitutional rights. He sues the City of New York and New York City Police Officer Joseph. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

By order dated February 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

The Court directs service on the City of New York and Officer Joseph.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of

---

[1] Plaintiff filed his complaint while he was held in the Otis Bantum Correctional Center on Rikers Island. Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the City of New York and Officer Joseph until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve those defendants until 90 days after the date that summonses for those defendants are issued. If the complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the City of New York and Officer Joseph through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

Plaintiff must notify the Court if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to issues summonses for the City of New York and Officer Joseph, complete USM-285 forms with the service addresses for those defendants, and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 5, 2020
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:

Gregory Destine
NYSID: 01798272M
DIN No: 20R0172
Ulster Correctional Facility
750 Berme Road
P.O. Box 800
Napanoch, NY 12458-0800

## DEFENDANTS AND SERVICE ADDRESSES

1. City of New York
   Law Department
   100 Church Street
   New York, New York 10007

2. Police Officer Joseph, Badge No. 5012196
   Midtown South (14th) Precinct
   357 West 35th Street
   New York, New York 10001-1701