UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
GREGORY DESTINE,

               Plaintiff,                    20-cv-0082 (LTS) (OTW)

           -against-                   **ORDER**

THE CITY OF NEW YORK, et al.,

               Defendant(s).

---------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of Defendant the City of New York's June 25, 2020 letter requesting (1) an adjournment of the June 30, 2020 ICMC and (2) a corresponding adjournment of the deadline of submission for the proposed case management plan. (ECF 22). The requests are **DENIED**. Defendant is ordered to meet and confer with Plaintiff on **June 29, 2020** and submit a proposed case management plan to the Court on **June 29, 2020**. The Court looks forward to speaking with both parties on **June 30, 2020 at 11:00 am**.[1] The conference will be telephonic, and the dial-in information is (866) 390-1828, access code 1582687.

Defendant's conduct is unacceptable because it filed this letter without having consulted with the *pro se* Plaintiff because it purportedly could not reach Plaintiff until June 29, 2020. *See* ECF 22 at 1 n.2. The Court previously ordered Defendant to "continue to endeavor to contact Plaintiff for future letters." (ECF 14). The only inference that the Court can draw is that

---

[1] As directed on April 1, 2020, Defendants are to make arrangements with the warden in charge of the facility in custody of Plaintiff to ensure Plaintiff can participate on the call. (ECF 12).

Defendant consulted the calendar recently, was reminded that there is an upcoming case management conference, and scrambled to adjourn the conference.

Had Defendant paid proper attention to this case, it would have reviewed the Court's April 1, 2020 Initial Case Management Conference Order, which ordered Defendant to file the parties' proposed case management plan on June 23, 2020. *See* ECF 12 (ordering "[D]efendants shall file the Proposed Case Management Plan on ECF one week [before] the scheduled conference on *June 23, 2020* and mail a copy to Plaintiff.") (emphasis added). This would have required Defendant to meet and confer with the *pro se* Plaintiff well in advance of next week's conference, which it clearly failed to do.

Further, Defendant's request to adjourn the ICMC until after a decision on the motion to dismiss is decided is essentially a request to stay discovery. "A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69. 72 (S.D.N.Y. 2013); *see also Medina v. City of New York*, No. 19-cv-9412 (AJN), 2020 WL 3050971, at *2 (S.D.N.Y. June 8, 2020) (denying the City of New York's motion to stay). A party seeking a stay must make a "showing of good cause," which generally requires a *strong* showing that a motion to dismiss the case in its entirely would be granted." *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTD) (GWG), 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018). Defendant has proffered no reasons for a stay.

Defendant is directed to mail a copy of this Order to Plaintiff and serve a copy of this Order and ECF 22 *before June 29, 2020*. Defendant is further directed to file proof of such service on the docket.

The Clerk of Court is directed to close ECF 22.

**SO ORDERED.**

Dated: June 26, 2020                          *s/ Ona T. Wang*
       New York, New York              **Ona T. Wang**
                                           United States Magistrate Judge