UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| GREGORY DESTINE,<br><br>         Plaintiff,<br><br>    -against-<br><br>THE CITY OF NEW YORK; ROMEO JOSEPH,<br><br>         Defendants. |

20-CV-0082 (LTS) (OTW)

**ORDER OF SERVICE**

**ONA T. WANG, United States Magistrate Judge:**

  Plaintiff, who appears *pro se* and is presently incarcerated in the Cape Vincent Correctional Facility, asserts claims that the defendants violated his federal constitutional rights. He sues the City of New York and Officer Joseph. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

  By order dated February 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (ECF 4). By order dated February 6, 2020, the Court directed service for the City of New York and Officer Joseph. (ECF 6). On February 7, 2020, the Clerk of Court issued the summons for Officer Joseph at the New York Police Department. Defendant Joseph has not yet been served. Upon investigation, the City of New York asserts that Defendant Joseph is Amtrak Police Officer Romeo Joseph, Shield Number 501296.[1]

---

[1] Plaintiff named Officer Joseph Shield No. 5012196 in his complaint.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, because the service address for Defendant Joseph was incorrect, Defendant Joseph could not have been served.

Pursuant to Federal Rule of Civil Procedure Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

Pursuant to Standing Order M10-468, Service of Process In Pro Se Matters, personal service of process by the Marshals Service is suspended until further notice, and the time for service under Federal Rule of Civil Procedure 4(m) will be tolled until the stay is lifted. *See* 20-mc-00153-CM. If the Standing Order is lifted before Defendant Joseph is served, the Court extends the time to serve Defendant Joseph until 90 days after the date that the Standing Order is lifted. If the complaint is not served on Defendant Joseph within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the

Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Plaintiff must notify the Court if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

**CONCLUSION**

Accordingly, the Clerk of Court is directed to substitute Defendant "Officer Joseph Shield No. 5012196" with Defendant "Romeo Joseph, Shield No. 501296." Further, to allow Plaintiff to effect service on Defendant Joseph through the Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") with the service addresses for Defendant Joseph. *See* attached. The Clerk of Court is further instructed to issue a summons for Defendant Joseph, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on Defendant Joseph.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

**SO ORDERED.**

Dated:   July 9, 2020
         New York, New York

_____
ONA T. WANG
United States Magistrate Judge

3

**DEFENDANT AND SERVICE ADDRESS**

1. Romeo Joseph, Shield No. 501296
   Amtrak Police Department
   1 Pennsylvania Station
   New York, New York 10001