**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

GREGORY DESTINE,

           Plaintiff,

           -against-

ROMEO JOSEPH, Shield No. 501296, et al.,

           Defendants.

-------------------------------------------------------------x

20-cv-0082 (LTS) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of Defendant the City of New York's October 26, 2020 letter requesting a stay of discovery pending resolution of its motion to dismiss (ECF 17). (ECF 40). Plaintiff consents to the request. (ECF 40 at 1). For the reasons stated below, the motion (ECF 40) is **GRANTED**.

"A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). If a party makes "a showing of good cause" the Court may, in its discretion, stay discovery. *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS) (GWG), 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018). Generally, Courts will find "good cause" for a stay only upon a strong showing that a motion to dismiss the case in its entirety would be granted. *See, e.g.*, *O'Sullivan*, 2018 WL 1989585 at *5-7 (defendants made strong showing that they would prevail on motion to dismiss because they were not liable for the alleged injuries); *Hong Leong*, 297 F.R.D. at 73-74 (defendants made strong showing that the court lacked jurisdiction); *Spencer Trask Software &*

*Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 357, 368 (S.D.N.Y. 2002) ("[B]ased on the papers submitted and upon oral argument from counsel, the Court notes at this preliminary stage that defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit."); *cf. Medina v. City of New York*, No. 19-CV-9412 (AJN), 2020 WL 3050971, at *2 (S.D.N.Y. June 8, 2020) (denying stay where there was no strong showing that the partial motion to dismiss would be granted).

Here, the City's motion to dismiss is fully dispositive of the claims against it on the grounds that no City agent or employee were involved in the underlying events forming the basis of Plaintiff's claim. The Amtrak police officer, Romeo Joseph, who is alleged to have participated in the underlying events, has been added as a defendant in this action and is still in the process of being served. Accordingly, I find that the City has made a showing of good cause to stay discovery.

The Clerk of Court is directed to close ECF 40 and mail a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

Dated: November 2, 2020
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge