UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
GREGORY DESTINE a/k/a "GOGO DESTINE,"  :
:
             Plaintiff,  :    20-CV-0082 (LTS) (OTW)
:
             -against-  :    **ORDER**
:
ROMEO JOSEPH, et al.,  :
:
             Defendants.  :
:
:
-----------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of Plaintiff's requests to add various factual assertions, claims and numerous parties to this litigation. (ECF 67, 71, 103, 112, 116, 117). Specifically, Plaintiff seeks to: (1) add Edward Snowden as a defendant for violating their[1] Fourth Amendment right (ECF 67); (2) bring a claim against an unknown entity related to President Donald Trump's impeachment (ECF 71); (3) add that Plaintiff is a member of the "United Blood Nation" (ECF 103); (4) add Andrew Cuomo as a "partner" in the litigation (ECF 112); (5) add Jay-Z as a "partner" in the litigation (ECF 116); (6) add Hillary Clinton in an unknown capacity to this litigation; and (7) add Marie Vallon, Plaintiff's mother, as their "assistant." (ECF 117). The Court interprets these requests as either motions to amend or motions to supplement their Complaint. (ECF 67, 71, 103, 112, 116, 117). All of these requests are frivolous and futile and are **DENIED.**

---

[1] Plaintiff originally brought this case as Gregory Destine, then later sought to be called GoGo Destine. (ECF 66). Accordingly, the Court will use they/their as Plaintiff's pronouns.

A. **Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Applying that standard, the Second Circuit "has held that a Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.,* 404 F.3d 566, 603 (2d Cir. 2005) (per curiam) (internal quotation marks omitted). The party opposing a motion to amend bears the burden of establishing that amendment would be futile. *See, e.g.*, *Ouedraogo v. A-1 Int'l Courier Serv., Inc.,* No. 12-CV-5651 (AJN), 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013).

Rule 15(d) of the Federal Rules of Civil Procedure provides that "on motion . . . the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) allows a party to supplement a pleading with matters that occurred after she filed the original complaint, **so long as the matters relate to the original pleading**. *See McLean v. Scully*, No. 90-CV-2590, 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (the supplemental pleading must be "adequately related to the originally stated claims"). The standard for a motion to supplement is the same as for a motion to amend the pleadings under Rule 15(a). *See Girard v. Hickey*, No. 9:15-CV-0187, 2016 WL 915253, at *2 (N.D.N.Y. Mar. 4, 2016).

Where a plaintiff seeks to add new defendants, the Court considers Rules 20 and 21. *Id.* Rule 21 allows a plaintiff to add a party "who through inadvertence, mistake or for some other

reason, had not been made a party and whose presence as a party is later found necessary or desirable." *Goston v. Potter*, No. 9:08-CV-0478 (FJS)(ATB), 2010 WL 4774238, at *5 (N.D.N.Y. Sept. 21, 2010) (quoting *United States v. Commercial Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations marks omitted)).

## B. Analysis

The additional facts with which Plaintiff seeks to supplement their Complaint are entirely divorced from any relevant issues or parties in this litigation. Similarly, the various parties Plaintiff seeks to add have nothing to do with the issues raised in the Complaint. Plaintiff does not plead any new facts with regard to Plaintiff's arrest on November 5, 2017. "Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case." *Amusement Indus., Inc.*, 2014 WL 4460393, at *13 (collecting cases); *see also Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 251 (S.D.N.Y. 2009) ("When a complaint names defendants in the caption but makes no substantive allegations against them in the body of the pleading, the complaint does not state a claim against these defendants.").

### C. Conclusion

Accordingly, Plaintiff's request to amend or supplement their Complaint is **DENIED**. Further amendments are untimely and without good cause. *See Holmes*, 568 F.3d at 334-35 (requiring good cause for amendment once the time for amendments has passed). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Opinion and Order to Plaintiff.

**SO ORDERED.**

Dated: December 8, 2021  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge