UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GREGORY DESTINE a/k/a MRS. GOGO
DESTINE,

                Plaintiff,

  -v-                                         No. 20-CV-82-LTS-OTW

THE CITY OF NEW YORK and ROMEO
JOSEPH,

                Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

Pro se plaintiff Gregory Destine a/k/a Mrs. GoGo Destine ("Destine" or "Plaintiff") brings this action against defendants the City of New York (the "City") and Romeo Joseph (together, "Defendants") pursuant to 42 U.S.C. section 1983 ("Section 1983") and state law, alleging that Defendants violated Plaintiff's federal constitutional rights and committed various state law torts in connection with Plaintiff's arrest on November 5, 2017, and in connection with the state prosecution that followed. The City moves for dismissal of Plaintiff's Complaint (docket entry no. 2 ("Compl.")) against it pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367.

The Court has considered the parties' submissions carefully and, for the following reasons, the City's motion is granted in its entirety.

## BACKGROUND

The following allegations are taken from the Complaint, unless otherwise indicated, and are presumed true for the purposes of this Memorandum Order.

On November 5, 2017, Plaintiff went to Penn Station to meet Plaintiff's girlfriend. (Compl. at 4.) Upon Plaintiff's arrival, Plaintiff's girlfriend stated that her stomach was upset and she needed to go to the hospital. (Id.) Two officers then approached and, claiming that Plaintiff had been choking Plaintiff's girlfriend, searched Plaintiff. (Id.) The officers found a knife and arrested Plaintiff. (Id.)

Plaintiff was arraigned on two misdemeanor charges (criminal obstruction of breathing or blood circulation, and general violation of local law), and detained. (Id.; see also docket entry no. 37 ("Pl. Mem.") at ECF page 7.[1]) On February 15, 2018, Plaintiff's lawyer told Plaintiff "that [Plaintiff's] case was rais[ed] to a class E felony"; however, no grand jury indicted Plaintiff. (Compl. at 4; Pl. Mem. at ECF pages 2-3.) On or after February 15, 2018, Plaintiff was "forced to go to trial without any pretrial hearing." (Compl. at 5.) At trial, the jury was presented a video of the incident at Penn Station, and acquitted Plaintiff. (Id.) On August 27, 2018, the case against Plaintiff was "sealed upon termination of criminal action in favor of the accused" pursuant to New York Criminal Procedure Law 160.50. (Pl. Mem. at ECF page 7.)

On December 5, 2019, Plaintiff commenced this action. (Compl. at 1, 6-7.)[2] Defendant Romeo Joseph, allegedly one of the officers involved in Plaintiff's November 5, 2017,

---

[1]  Plaintiff's opposition brief attaches an excerpt of a New York State criminal history report reflecting the charges against Plaintiff, and their disposition. The Court considers that report in connection with this motion to dismiss. Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion."); Davis v. Whillheim, No. 17-CV-5793-KPF, 2019 WL 935214, at *5 (S.D.N.Y. Feb. 26, 2019) ("The Court may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as arrest reports, indictments, and criminal disposition data.").

[2]  Plaintiff's Complaint is signed and dated December 5, 2019, though it was not received and filed by this Court until early January 2020. (Compl. at 1, 6, 7.) On the Complaint's blank for "Date on which I am delivering this complaint to prison authorities for mailing," Plaintiff wrote "11/07" with the year 2010 or 2020.

arrest, filed an Answer.  (Docket entry no. 48.)  The City filed the motion to dismiss now before the Court.

DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content pleaded that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court accepts as true the nonconclusory factual allegations in the complaint and draws all reasonable inferences in the nonmoving party's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).

Where, as here, a litigant proceeds pro se, that litigant's submissions "must be construed liberally and interpreted to raise the strongest arguments that they *suggest*."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation and internal quotation marks omitted).  "This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'"  Id. (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

The City moves to dismiss Plaintiff's Section 1983 claims against it on the ground that the Complaint does not plausibly allege that any of Plaintiff's constitutional rights were violated as a result of an official policy or custom of the City, as required under Monell v. Department of Social Services, 436 U.S. 658 (1978).  Monell provides that when a plaintiff sues

a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing; the plaintiff must show that the municipality itself caused the violation of the plaintiff's rights.  See Connick v. Thompson, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting Monell, 436 U.S. at 691). Accordingly, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.  Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012).

In this case, Plaintiff has not plausibly alleged the existence of any municipal policy, custom, or practice, relevant to Plaintiff's claims, or that such policy, custom, or practice caused any of the constitutional violations Plaintiff's Complaint could be construed to allege. Instead, Plaintiff has alleged only the type of "isolated acts"—Plaintiff's alleged false arrest and subsequent allegedly malicious prosecution—performed by "non-policymaking municipal employees" which are generally insufficient to plausibly allege a policy, custom, or practice. See Jones, 691 F.3d at 81; Scott v. Westchester Cty., 434 F. Supp. 3d 188, 201-02 (S.D.N.Y. 2020) (enumerating types of allegations which may suffice to plausibly allege a policy, custom, or practice, and dismissing Monell claims for failure to make such allegations); Berry v. Vill. of Millbrook, 815 F. Supp. 2d 711, 717-23 (S.D.N.Y. 2011) (same).  Plaintiff's Section 1983 claims against the City must therefore be dismissed.

The City also moves to dismiss Plaintiff's state law claims as against it, on the ground that those claims are barred by Plaintiff's failure to comply with New York General Municipal Law sections 50-e and 50-i.  "General Municipal Law §§ 50-e and 50-i specifically

require that a plaintiff asserting state tort law claims against a municipal entity or its employees acting in the scope of employment: (1) file a Notice of Claim within ninety days after the incident giving rise to the claim, and (2) commence the action within a year and ninety days from the date on which the cause of action accrues." Cotto v. City of New York, No. 15-CV-9123-RWS, 2017 WL 3476045, at *8 (S.D.N.Y. Aug. 11, 2017) (citing N.Y. Gen. Mun. Law §§ 50-e and 50-i), aff'd, No. 17-2845, 2020 WL 1228765 (2d Cir. Mar. 13, 2020).  New York State's notice-of-claim statutes apply to state law claims brought in federal court, Schoolcraft v. City of New York, 81 F. Supp. 3d 295, 300 (S.D.N.Y. 2015), and must be strictly construed.  Hardy v. New York City Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999).  "A plaintiff's failure to comply with the mandatory New York statutory notice-of-claim requirements generally results in dismissal of his claims."  Warner v. Vill. of Goshen Police Dep't, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003); accord Higginbotham v. City of New York, 105 F. Supp. 3d 369, 378 (S.D.N.Y. 2015) ("Because Higginbotham does not allege that he ever filed a notice of claim, he cannot maintain a state-law assault claim.").

In this case, Plaintiff does not allege the filing of a notice of claim at any point prior to commencement of this action on or about December 5, 2019.  Plaintiff's claims arising from the November 5, 2017, arrest and resulting prosecution accrued (at the latest) upon the termination of the criminal action against Plaintiff.  See Breton v. City of New York, 404 F. Supp. 3d 799, 809 (S.D.N.Y. 2019) (explaining that for purposes of evaluating the timeliness of a notice of claim filed pursuant to General Municipal Law 50-e, a "claim for malicious prosecution [does] not accrue until the charges against the plaintiff [are] dismissed"); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) ("Under New York law a claim for assault accrues at the time of the assault and one for false arrest at the time when plaintiff is

released from jail[.]").³  That termination occurred, according to the criminal records submitted by Plaintiff, not later than August 27, 2018 (Pl. Mem. at ECF page 7), or approximately one year and one hundred days before Plaintiff commenced this action.  In light of Plaintiff's failure to allege the filing of any timely notice of claim within ninety days of the accrual of any of the claims asserted in the Complaint, Plaintiff's state law claims against the City must be dismissed.

Having concluded that Plaintiff's federal and state law claims against the City must be dismissed, the Court next considers whether to afford Plaintiff an opportunity to amend as to the City.  Federal Rule of Civil Procedure 15(a)(2) directs this Court to grant leave to amend "freely" when justice so requires.  See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (hewing to the "liberal standard set forth in Rule 15").  This is "particularly true" as to pro se parties, B. Braxton/Obed-Edom v. City of New York, 368 F. Supp. 3d 729, 740 (S.D.N.Y. 2019), and where the party seeking leave to amend has not yet had the "benefit of a ruling" as to the "precise defects" in a party's claims.  Loreley, 797 F.3d at 190-91.  "However, denial of leave to amend is proper if amendment would be futile."  Attestor Value Master Fund v. Republic of Argentina, 940 F.3d 825, 833 (2d Cir. 2019).

In this case, Plaintiff has not proffered any indication as to how amendment as against the City might cure the defects identified above.  First, Plaintiff proffers no basis on which to conclude that the November 5, 2017, arrest and subsequent prosecution resulted from

---

³ Plaintiff is currently serving a sentence in New York State custody stemming from a conviction of criminal possession of a weapon in the third degree.  See New York State Department of Corrections and Community Supervision, Inmate Lookup, http://nysdoccslookup.doccs.ny.gov/ (last visited December 10, 2021); (see also docket entry no. 41 at ECF page 9).  Plaintiff's detention stemming from a separate arrest does not extend Plaintiff's deadline to file a notice of claim as to the arrest at issue in this case.  Bejaoui v. City of New York, No. 13-CV-5667-NGG-RML, 2015 WL 1529633, at *14 (E.D.N.Y. Mar. 31, 2015) ("Plaintiff's claims for false arrest accrued when Plaintiff was released from custody on each occasion."); Pinaud v. Cty. of Suffolk, 798 F. Supp. 913, 923 n.2 (E.D.N.Y. 1992), aff'd in part, remanded in part, 52 F.3d 1139 (2d Cir. 1995).

any policy or custom of the City and, moreover, the parties now appear to agree that the officers who arrested Plaintiff in Penn Station on that date worked for the National Railroad Passenger Corporation (Amtrak), rather than for the City.  (See docket entry nos. 37, 39, 47.)  Second, Plaintiff fails to proffer that Plaintiff has filed any notice of claim as to the incidents alleged in the Complaint, and this Court is without jurisdiction to consider any application by Plaintiff to file a late notice of claim, see N.Y. Gen. Mun. Law § 50-e ("All applications under this section shall be made to the supreme court or to the county court[.]"); see also Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills, 815 F. Supp. 2d 679, 710 (S.D.N.Y. 2011) ("[C]ourts within this Circuit 'have routinely found that they lack jurisdiction to even consider such an application.'") (citation omitted), which, even if properly made before the appropriate state court, would face significant hurdles at this late stage.  See Destine v. City of New York, 111 A.D.3d 629, 630 (2d Dep't 2013) (reversing the lower court's grant of Plaintiff's petition to file an untimely notice of claim, where Plaintiff "did not establish that the City had actual knowledge of the essential facts constituting the claims of, inter alia, false arrest, false imprisonment, malicious prosecution, assault, and battery within 90 days following their accrual or a reasonable time thereafter").  The Court therefore declines to grant Plaintiff leave to amend the Complaint to reassert claims against defendant the City of New York.

## CONCLUSION

For the reasons explained above, the motion to dismiss filed by defendant the City of New York (docket entry no. 17) is granted in its entirety.

This case remains referred to Magistrate Judge Wang for general pretrial management.

This Memorandum Order resolves docket entry no. 17. The Clerk of Court is respectfully directed to terminate the City of New York as a defendant.

Chambers will mail a copy of this Memorandum Order to Plaintiff.

SO ORDERED.

Dated: December 10, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copy mailed to:**

Gregory Destine
DIN No. 20R0172
Orleans Correctional Facility
3531 Gaines Basin Rd.
Albion, NY 14411-9199